# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| DANIEL L. LABIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-315 (RBW) |
| FRANCIS J. HARVEY, | ) | |
| SECRETARY OF THE ARMY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The plaintiff, a retired officer of the United States Army ("Army"), brings this action

contending that the Army improperly denied his request to remove certain documents[1] from his

personnel file in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. (2000).

Complaint ("Compl.") at 1.[2]  Currently before the Court are the defendant's Motion to Dismiss,

or, for Summary Judgment ("Def.'s Mot."), the plaintiff's Cross-Motion for Summary Judgment

(Pl.'s Cross Mot."), and the parties' oppositions to these motions.[3]  For the reasons set forth

---

[1]  The contested documents include: (1) a Memorandum of Reprimand ("MOR") issued by General Griffith "and any other documents containing references to adverse actions taken against Plaintiff"; (2) all documents referencing a Department of the Army Inspector General ("DAIG") investigation and the DAIG Report of Investigation ("ROI"); and (3) all documents pertaining to the plaintiff's removal from the Brigadier General Promotion List.  Compl. at 36.

[2]  Specifically, the plaintiff contends that the Army Board for the Correction of Military Records violated 10 U.S.C. § 1552 and 32 C.F.R. § 581.3(b)(4) in denying the plaintiff's request.  See, e.g., Compl. at 22-23.

[3]  The following papers have been filed in connection with these motions:  the defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s Mem."); Defendant's Statement of Material Facts which are not in Genuine Dispute ("Def.'s Stmt."); the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or for Summary Judgment, and in Support of Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Mem."); Plaintiff's Statement of Material Facts as to which there is no Genuine Issue ("Pl.'s Stmt."); Defendant's Memorandum in Response to

(continued...)

below, this Court denies the defendant's motion to dismiss, grants the defendant's motion for

summary judgment, and denies the plaintiff's cross-motion for summary judgment.

## I.   <u>Factual Background</u>

No material facts in this case are in dispute, <u>see</u> Def.'s Stmt.; Pl.'s Stmt.; Def.'s Stmt. in

Reply, and the facts pertinent to the resolution of this case are set forth below.

The plaintiff, Daniel L. Labin, began active duty service in the Army on December 19,

1971, and served honorably for over 28 years before his voluntary retirement at the grade of

Colonel on May 31, 2000.  Compl. ¶¶ 14-15.

On September 25, 1995, the plaintiff was selected for promotion to the grade of Brigadier

General.  <u>Id.</u> ¶ 18.  Two days later, however, the Department of the Army Inspector General

("DAIG") received a Criminal Investigation Division Command ("CIDC") report alleging that

the plaintiff had committed various acts of misconduct.  <u>Id.</u> ¶ 19.  On October 17, 1995, the

DAIG, in response to the CIDC report, initiated an investigation into the plaintiff's alleged

misconduct.  <u>Id.</u> ¶ 20.  One week later, on October 24, 1995, the plaintiff's promotion was put on

hold pending the investigation.  <u>Id.</u> ¶ 21.  On November 20, 1995, the DAIG investigation was

expanded in response to new allegations made during initial witness interviews.  <u>Id.</u> ¶ 24.

The lead DAIG investigator interviewed the plaintiff on December 19, 1995.  <u>Id.</u> ¶ 27. At

that time, the plaintiff provided the DAIG investigator with several binders containing eighty-one

sworn affidavits from witnesses.  <u>Id.</u> ¶ 28.  On February 12, 1996, the plaintiff was notified that

---

[3](...continued)

Plaintiff's Consolidated Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def.'s Reply"); Defendant's Reply to Plaintiff's Statement of Material Facts as to which there is no Genuine Issue ("Def.'s Stmt. in Reply"); and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Reply").

the investigative fieldwork had been completed.  Id. ¶ 30.  He also received a written synopsis of

the allegations against him, but did not receive a copy of the DAIG Report on the Investigation

("ROI").  Id.  On March 11, 1996, the plaintiff submitted a detailed rebuttal to the allegations.

Id. ¶ 31.  Nonetheless, on June 30, 1996, the Vice Chief of Staff of the Army approved the ROI,

which substantiated six of the fifteen allegations made against the plaintiff.  Id. ¶ 36.  On August

22, 1996, the Vice Chief of Staff provided the plaintiff with a proposed Memorandum of

Reprimand ("MOR").  Id. ¶ 39.  On September 26 and October 11, 1996, the plaintiff submitted

additional rebuttal materials.  Id. ¶¶ 46-47.  Based on these submissions, the MOR was revised

and reissued to the plaintiff in January 1997, and the plaintiff was informed that a copy of the

MOR was included as part of his official military records.  Id. ¶ 48.

On January 23, 1997, the plaintiff was referred to a Promotion Review Board ("PRB").

Id. ¶ 51.  The PRB made its recommendations to the Army in March 1997, and on October 8,

1997, President Clinton approved the Army's recommendation that the plaintiff be removed from

the Brigadier General Promotion List.  Id. ¶¶ 53-55.

The DAIG began an internal review of its investigation in early 1997, in response to the

plaintiff's allegations of impropriety in connection with the investigation.  Id. ¶¶ 58-60.  After the

plaintiff objected to the potential conflict of interest resulting from the DAIG investigating its

own investigation, id. ¶¶ 65-67, the Department of Defense Inspector General ("DODIG")

assumed responsibility for the investigation of the plaintiff's allegations, id.  ¶¶ 68-69.  The

DODIG completed its investigation on August 27, 1999, substantiating only three allegations of

misconduct by the plaintiff and concluding that several procedural errors in the initial DAIG

investigation raised doubts about the use of evidence in the investigation.  Id. ¶¶ 73-94.  These

errors included: (1) failure to obtain the best evidence available; (2) failure to consider the exculpatory evidence provided by the plaintiff; (3) failure to interview reasonably available eyewitnesses; (4) failure to include a discussion of the exculpatory evidence in the body of the ROI; (5) failure to reconcile conflicts between favorable and unfavorable evidence; and (6) predisposition to a finding against the plaintiff. Id.; Pl.'s Stmt. ¶ 26.

Following the conclusion of the DODIG investigation, the DAIG in late 1999 reopened its initial investigation of the alleged misconduct of the plaintiff. Compl. ¶ 97. In June 2000, the DAIG concluded that there was evidence sufficient to substantiate eight instances of misconduct, including the three instances cited by the DODIG. Administrative Record ("Admin. R.") at 10 ¶ 22.

The plaintiff retired from the Army voluntarily on May 21, 2000. Compl. ¶ 144. On December 27, 2000, he submitted an application to the Department of the Army Officer Suitability Evaluation Board ("DASEB") for the removal of the MOR from his official military records. Id. ¶ 119. On March 14, 2001, the DASAB partially modified the MOR based on the plaintiff's application. Id. ¶ 17. On June 30, 2001, the DAIG provided the plaintiff with a brief summary of its findings from its second investigation. Pl.'s Stmt. ¶ 33.

On April 15, 2003, the plaintiff submitted an application to the Army Board for the Correction of Military Records ("ABCMR") making the following claims: (1) the DAIG failed to consider exculpatory evidence submitted by the plaintiff and failed to interview eyewitnesses with information favorable to the plaintiff; (2) the DAIG violated the plaintiff's right to notice and comment; (3) the DAIG violated the plaintiff's right to receive a copy of the DAIG ROI; (4) the DAIG improperly advised witnesses not to communicate with the plaintiff or his attorneys;

4

(5) the DAIG "reinvestigation" was fatally flawed by a conflict of interest; (6) the plaintiff was not notified of his promotion delay; and (7) the Army failed to resolve the plaintiff's promotion status within the required 18-month time period. Id. ¶ 35; Compl. ¶¶ 122-23. At the request of the ABCMR, the DAIG issued an advisory opinion, Pl.'s Stmt. ¶ 36, Compl. ¶ 124, to which the plaintiff submitted a rebuttal. Compl. ¶¶ 127-28. In a fifteen-page memorandum dated July 13, 2004, the ABCMR denied the plaintiff's application, concluding that "[t]he evidence presented [did] not demonstrate the existence of a probable error or injustice[,] . . . [and] the overall merits of [the] case [were] insufficient as a basis for correction of the records of the individual concerned." Id. ¶¶ 129-30; Admin. R. at 15. The ABCMR explained that "[i]n the absence of a finding by the DODIG that there was misconduct on the part of the DAIG investigator, the preponderance of the evidence [led] the [ABCMR] to believe there was an honest difference of opinion between the DAIG and DODIG." Admin. R. at 15 ¶ 6. Furthermore, the ABCMR concluded that regardless of which set of findings it accepted, there was either "overwhelming evidence" (pursuant to the DAIG findings) or "sufficient evidence" (pursuant to the DODIG findings) to justify the Secretary of the Army's actions, and "the applicant . . . failed to show, by the preponderance of the evidence, otherwise." Admin. R. at 15 ¶ 5.

The plaintiff brought this action on February 11, 2005, claiming that the ABCMR did not address the merits of his claims before that board, and that the ABCMR's decision was therefore "arbitrary and capricious" and in violation of 10 U.S.C. § 1552 (2000) and C.F.R. 581.3(b)(4). See Compl. ¶¶ 152-154. The plaintiff requests that this Court order the Secretary of the Army to expunge documents relating to the investigations into his alleged misconduct and to his removal from the Brigadier General Promotion list. Compl. at 36 ¶¶ 1-3. The plaintiff further requests

costs and attorneys fees.  Id. ¶¶ 4-5.  The defendant seeks dismissal of the complaint on the

ground that this Court lacks subject matter jurisdiction, pursuant to Federal Rule of Civil

Procedure 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to

Rule 12(b)(6).[4]  Def.'s Mem. at 1.  In addition, both parties seek summary judgment pursuant to

Rule 56(c).  Each of the parties' arguments will be addressed below.

## II.    Standards of Review

Under Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss for

lack of subject matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to establish

subject matter jurisdiction by a preponderance of the evidence."  Pitney Bowes, Inc. v. United

States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998) (citations omitted).  In reviewing such a

motion, this Court "must accept as true all the factual allegations contained in the complaint."

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164

(1993) (citations omitted).  Additionally, in deciding a Rule 12(b)(1) motion, it is well

established in this Circuit that a court is not limited to the allegations in the complaint, but may

also consider material outside of the pleadings in its effort to determine whether the court has

jurisdiction in the case.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25

n.3 (D.C. Cir. 1997); Herbert v. Nat'l Academy of Scis., 974 F.2d 192, 198 (D.C. Cir. 1992);

Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Grand Lodge of Fraternal Order of Police

v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).

---

[4]   The defendant does not appear to actually advance an argument in support of his 12(b)(6) motion.
Rather, the defendant asserts multiple arguments under the heading "Plaintiff's Claims are Nonjusticiable."  Def.'s
Mem. at 10-16.  For reasons described below, the Court rejects these arguments.  See infra note 5.  The defendant
also requests, as an alternative to dismissal for lack of subject matter jurisdiction, that plaintiff's claim be transferred
to the Court of Federal Claims.  Def.'s Mem. at 16.  Given the Court's decision to grant summary judgment in this
matter, this request need not be addressed.

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), "this Court must construe the allegations

and facts in the complaint in the light most favorable to the plaintiff." Thomas v. Knight, 257 F.

Supp. 2d 86, 92 (D.D.C. 2003); see, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v.

Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Communications Corp., 16

F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept "legal conclusions cast

in the form of factual allegations." Kowal, 16 F.3d at 1276.  The Federal Rules of Civil

Procedure do not require a plaintiff to allege specific details that prove the veracity of a claim;

rather, a properly pleaded complaint only need contain a clear and concise statement of the claim

sufficient to place a defendant on "notice of what the plaintiff's claim is and the grounds upon

which it rests." Conley, 355 U.S. at 47.

This Court will grant a motion for summary judgment under Rule 56(c) if "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When ruling on a motion for

summary judgment, this Court must view the evidence in the light most favorable to the non-

moving party. Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992).

However, the non-moving party cannot rely on "mere allegations or denials . . . , but . . . must set

forth specific facts showing that there [are] genuine issue[s] for trial." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted).  Under Rule 56, "if a party fails to

establish the existence of an element essential to that party's case and on which that party will

bear the burden of proof at trial" summary judgment is warranted. Hazward v. Runyon, 14 F.

Supp. 2d 120, 122 (D.D.C. 1998) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

The party moving for summary judgment bears the burden of establishing the absence of

evidence that supports the non-moving party's case.  <u>Id.</u>  In considering a motion for summary

judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it

may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing</u>

<u>Prods., Inc.</u>, 530 U.S. 133, 150 (2000).

### III.  Legal Analysis

**(A)     The Defendant's Motion to Dismiss**

The defendant argues that the plaintiff's complaint should be dismissed for lack of

subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1).[5]  Def.'s Mem. at 1.

According to the defendant, while the plaintiff's complaint is "carefully crafted . . . to request

only equitable relief, he, in actuality, seeks monetary relief over $10,000." <u>Id.</u> at 16  The

defendant thus contends that the plaintiff's complaint is "simply a 'dressed up' Tucker Act claim,

28 U.S.C. § 1491(a)(1) (2000), which should be dismissed for lack of subject matter jurisdiction,

or alternatively, pursuant to 28 U.S.C. § 1631 (2000), transferred to the Court of Federal

---

[5]  The defendant also argues that the plaintiff's claims are nonjusticiable.  Def.'s Mem. at 10.  In support of this contention, the defendant asserts the following: (1) President Clinton's decision to remove the plaintiff from the promotion list is not reviewable under the Administrative Procedures Act; (2) the plaintiff's allegation that his promotion was improperly delayed is moot; (3) the Secretary of the Army's recommendation to remove the plaintiff from the promotion list is not reviewable as it is committed to agency discretion and is not final agency action; (4) the plaintiff cannot challenge a discretionary decision to issue and file an MOR; and (5) the plaintiff's desire for a retroactive promotion is nonjusticiable.  <u>Id.</u> at 10-16.  While these assertions appear related to the plaintiff's arguments raised in his original application to the ABCMR, they are not  relevant to the justiciability of the plaintiff's claims before this Court.  Here, the plaintiff's claims are limited to the ABCMR's denial of his application for correction of his military records.  <u>See, eg.</u>, Compl. ¶¶ 153-155 (claiming that the ABCMR "failed to perform its duties" and its decision was "arbitrary and capricious").  Accordingly, these "justiciability" arguments are not subjects of review this Court need address in light of the disposition of the claims raised by the plaintiff..

Claims."[6]  Def.'s Mem. at 16.  This Court recently addressed this issue in <u>Calloway v. Brownlee</u>, 366 F. Supp. 2d 43 (D.D.C. 2005), which articulates the standard by which district courts should determine jurisdiction in similar cases implicating this Tucker Act provision.  In <u>Calloway</u>, a retired Army officer claimed that the ABCMR improperly denied his request to remove documents from his personnel file.  <u>Id.</u> at 47-49.  The defendant in <u>Calloway</u> argued that the plaintiff's claim should be dismissed or transferred to the Court of Federal Claims because the claim sought monetary relief in excess of $10,000.  <u>Id.</u> at 50.  However, this Court rejected the defendant's argument, noting that Calloway's complaint did not seek monetary relief on its face but, in fact, explicitly denied seeking such relief.  <u>Id.</u> at 52.  As this Court explained, "nothing in the plaintiff's complaint can be construed as an attempt to obtain monetary relief, and accordingly, the Tucker Act does not prevent this Court from retaining jurisdiction over the plaintiff's claims."  <u>Id.</u> (citation omitted).  Furthermore, "[a] district court will not lose jurisdiction over a claim for injunctive relief where that injunctive relief triggers the payment of money, <u>so long as the injunctive relief is of sufficient importance relative to the monetary award to support jurisdiction</u>."  <u>Bublitz v. Brownlee</u>, 309 F.Supp 2d 1, 8 (D.D.C. 2004) (emphasis in original).

    Here, the Court's decision to reject the defendant's argument that plaintiff's claim should be dismissed or transferred is as easy, if not easier, than the decision in <u>Calloway</u>.  The plaintiff in this case explicitly states, as did Calloway, that he "does not request monetary relief."  Pl.'s

---

    [6]  Under the Tucker Act, 28 U.S.C. § 1491, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in a case not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, district courts have concurrent jurisdiction with the Court of Federal Claims in most Tucker Act cases in which plaintiffs are seeking less than $10,000 in monetary relief.  28 U.S.C. § 1346(a)(2) ("Little Tucker Act").

Mot. at 12.  Furthermore, the plaintiff has demonstrated that the injunctive relief he seeks is of

significant importance to his reputation and future employment prospects.  Id. at 12-13; see

Kidwell v. Dep't of the Army Bd. for Corr. of Military Records, 56 F.3d 279, 285 (D.C. Cir.

1995) (holding that a district court's jurisdiction to review an ABCMR decision is proper if

injunctive relief would lift plaintiff's "shame associated with failing to receive an honorable

discharge").  Accordingly, consistent with this Court's decision in Calloway, the defendant's

argument for dismissal or transfer to the Court of Federal Claims is rejected.

**(B)     The Parties' Motions for Summary Judgment**

        Turning now to the parties' motions for summary judgment, it is clear that no material

facts are in dispute and that summary judgment is therefore appropriate.  Fed. R. Civ. P. 56(c).

Furthermore, upon reviewing the documents submitted by the parties and the administrative

record in this case, the Court concludes that the defendant's motion should be granted and the

plaintiff's motion denied.

        The plaintiff bears the burden of establishing that the rejection by the ABCMR of his

application was arbitrary, capricious, and an abuse of discretion.  5 U.S.C. § 706(2) (2000);

Calloway, 366 F. Supp 2d at 53.  As this Court noted in Calloway, "an agency action is arbitrary

and capricious if the agency failed to follow procedure as required by law, or has entirely failed

to consider an important aspect of the case presented to them."  Calloway, 366 F. Supp. 2d at 53

(citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins., Co., 463 U.S. 29, 43 (1983)).

However, this requirement "does not mean that an agency's decision must be a model of analytic

precision to survive a challenge.  A reviewing court will uphold a decision of less than ideal

clarity if the agency's path may be reasonably discerned." Dickson v. Secretary of Defense, 68

F.3d 1396, 1404 (D.C. Cir. 1995) (internal quotation marks and citations omitted).

Moreover, military boards such as the ABCMR are entitled to even greater deference than

civilian administrative agencies. Calloway, 366 F. Supp. 2d at 53 (citing Kreis v. Air Force, 866

F.2d 1508, 1514-15 (D.C. Cir. 1989)). This substantial level of deference "is calculated to

ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or

her ratings, a result that would destabilize military command and take the judiciary far afield of

its area of competence." Cone v. Caldera, 223 F. 3d. 789, 793 (D.C. Cir. 2000). A court need

only find that the decision of a military review board "minimally contain[s] a rational connection

between the facts found and the choice made." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir.

1997) (internal quotation marks and citations omitted).

Even under this deferential standard, however, a court cannot "supply a reasoned basis for

the [military review board's] decisions that the [board] itself has not offered," Puerto Rico

Higher Educ. Assistance Corp. v. Riley, 10 F.3d 847, 850 (D.C. Cir. 1993) (citing SEC v.

Chenery Corp., 332 U.S. 194, 196 (1947)), and "the failure of a [military review board] to

respond to arguments raised by a plaintiff, which do not appear frivolous on their face and could

affect the Board's ultimate disposition, is arbitrary." Calloway, 366 F. Supp. 2d at 55 (citations

omitted). Thus, in applying the "arbitrary and capricious" standard, a court must ensure that the

review board has "examined the relevant data and articulated a satisfactory explanation for its

action." Id. at 53 (quoting Riley, 10 F.3d at 850).

Individuals applying to the ABCMR for the correction of military records bear the burden

of establishing by "cogent and clearly convincing evidence" the existence of a material legal

error or injustice.  Id. (citations omitted); see also id. at 47 (stating that ABCMR applicants

"bear[] the burden of proving a substantial inaccuracy or injustice") (citing Army Reg. 623-25 §

4-7(a)).  In his application to the ABCMR, the plaintiff alleged several violations of his due

process rights during the DAIG investigation into his alleged misconduct.  Compl. ¶¶ 145-256;

Admin. R. at 2-5 ¶¶ 3-14.  In a fifteen-page memorandum, the ABCMR denied the plaintiff's

application, stating:

> 5.  The DAIG substantiated eleven allegations against the applicant; the DODIG
> substantiated three allegations against the applicant.  If the Board accepts the DAIG
> findings, there is overwhelming evidence justifying the Secretary's decision. If the Board accepts the DODIG findings, the applicant has failed to meet this burden
> of proof to show that the Secretary would have allowed his name to remain on the promotion list,
> . . .  In this case, sufficient evidence exists justifying the Secretary's decision, and the applicant has
> failed to show, by the preponderance of the evidence, otherwise.
>
> 6. . . .In an absence of a finding by the DODIG that there was misconduct on the part
> of the DAIG investigator, the preponderance of the evidence leads the Board to
> believe there was an honest difference of opinion between the DAIG and DODIG.
> The burden of proof is on the applicant.  There is insufficient evidence to show that
> the DAIG's findings were not substantiated.

Id. at 15 ¶¶ 5-6 (emphasis added).  The ABCMR then concluded that "[t]he evidence presented

[did] not demonstrate the existence of a probable error or injustice," and determined "that the

overall merits of th[e] case [were] insufficient as a basis for correction of the records of the

[plaintiff]."  Id. at 15.

In his complaint, the plaintiff claims that the ABCMR failed to address the merits of his

allegations, and consequently contends that the ABCMR's decision was, in multiple instances,

"arbitrary and capricious."  Compl. ¶¶ 155, 170, 184, 195, 208, 221, 241, 256.  A review of the

plaintiff's claims and the ABCMR Record of Proceedings, however, reveals that the ABCMR

"examined the relevant data and articulated a satisfactory explanation for its action."  Calloway,

366 F. Supp. 2d at 53 (internal quotation marks and citations omitted).  The Court therefore concludes that the ABCMR's denial of the plaintiff's application was neither arbitrary nor capricious.

Six of the eight legal claims which the plaintiff contends the ABCMR's decision failed to address concern purported deficiencies or violations related to the DAIG investigation.[7] Specifically, the plaintiff alleges that the ABCMR failed to address his claims (1) that the DAIG failed to provide notice and an opportunity to respond to adverse information, Compl. ¶¶ 149-153; (2) that the DAIG failed to consider exculpatory evidence and interview witnesses identified by the plaintiff, id. ¶¶ 159-168; (3) that the DAIG failed to make timely disclosure of the investigation reports, id. ¶¶ 175-182; (4) that the DAIG investigator advised witnesses not to communicate with the plaintiff and interfered with the plaintiff's witnesses, id. ¶¶ 187-193; (5) that the Judge Advocate should have recommended immediate remedial action after identifying procedural errors in the DAIG investigation, id. ¶¶ 198-206; and (6) that the Judge Advocate wrongly submitted a recommendation of adverse action as part of his legal review of the DAIG ROI, id. ¶¶ 214-219.  It is clear from the record that the ABCMR acknowledged each of these allegations in its memorandum denying the plaintiff's application.  Admin. R. at 3 ¶¶ 7-9, 7 ¶ 6, 9 ¶ 13, 10 ¶¶ 16-17.  Furthermore, as discussed above, the ABCMR concluded that the findings of the DODIG investigation, standing alone from the DAIG investigation, were sufficient to justify the Secretary's decision to recommend the plaintiff's removal from the Brigadier General Promotion List.  Admin. R. at 15 ¶ 5.  Thus, the validity of the plaintiff's claims regarding

---

[7] The plaintiff's legal claims are organized as Count I through Count IX.  Compl. ¶¶ 145-256.  However, there is no "Count VII" in the Complaint, and thus the plaintiff asserts eight separate claims and not nine.

13

deficiencies or due process violations in the DAIG investigation was ultimately immaterial to the

ABCMR's denial of the plaintiff's application.  While the ABCMR could have addressed the

plaintiff's claims regarding the DAIG investigation more directly, its statement that "the

applicant . . . failed to meet his burden of proof to show that the Secretary would have allowed

his name to remain on the promotion list" in light of the DODIG findings, id. at 15 ¶ 5, is

sufficient to draw a "rational connection between the facts found and the choice made," Frizelle

at 176 (internal quotation marks and citations omitted).  The Court therefore concludes that the

ABCMR "examined the relevant data" concerning the DAIG investigation and "articulated a

satisfactory explanation for its action." Calloway, 366 F. Supp. 2d at 53 (internal quotation

marks and citations omitted).

　　　　The ABMCR's decision with respect to the plaintiff's other two claims is entitled to

similar deference.  First, the plaintiff contends that the ABCMR "failed to address the merits of

[the] Plaintiff's claims that on multiple occasions the Army violated his right to due process of

law."  Compl. ¶¶ 225-26.  This "claim" merely summarizes the plaintiff's earlier claims and does

not present any new issue to the Court.  Within the same section of the Complaint, however, the

plaintiff contends that the ABCMR "improperly assigned [the] Plaintiff the impossible

evidentiary burden of demonstrating, by a preponderance of the evidence, that the Secretary of

the Army would not have removed his name from the Brigadier General Promotion List based on

the DODIG investigation."  Id. ¶ 240.  The plaintiff is mistaken.  On appeal to the ABCMR, an

applicant "bears the burden of proving a substantial inaccuracy or injustice." Calloway, 366 F.

Supp. 2d at 47 (citing Army Reg. 623-25 § 4-7(a)).  Such proof must be established by "cogent

and clearly convincing evidence." Id. at 53 (citations omitted).  Satisfying this burden is

difficult, because the plaintiff "must overcome the strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith."  Frizelle, 111 F.3d at 177 (internal quotation marks and citations omitted).  As already noted, the ABCMR correctly assigned the evidentiary burden in this case, and concluded that the plaintiff had failed to meet that burden.  Admin. R. at 15 ¶¶ 5, 6.

Finally, the plaintiff contends that the ABCMR "erred in concluding that [the] Plaintiff's submissions to the PRB satisfied the requirement that he be afforded notice of the grounds for the promotion delay and an opportunity to submit materials to the Secretary of the Army."  Compl. ¶ 251.  The ABCMR devotes substantial discussion to this issue in its Record, eventually concluding that the plaintiff

> should have been aware, even prior to [receiving notice of the promotion delay in] January 1997, that his promotion was being held up.  He should have been flagged when the DAIG investigation started.  If he was not flagged, as a commander he should have known that he should have been flagged when it started.

Admin. R. at 14 ¶ 3.  This explicit consideration of the plaintiff's final claim easily meets the requirement that the path of the ABCMR's analysis must "reasonably be discerned" from its decision.  Frizelle, 111 F.3d at 176 (internal quotation marks and citation omitted).  Accordingly, the Court concludes that the decision of the ABCMR to deny the plaintiff's application was neither arbitrary nor capricious.

For the foregoing reasons, this Court denies the defendant's motion to dismiss and the plaintiff's motion for summary judgment, and grants the defendant's motion for summary judgment.

**SO ORDERED** on this 10th day of April, 2006.[8]

REGGIE B. WALTON
United States District Judge

---

[8] An Order consistent with this Memorandum Opinion was issued on March 30, 2006.